UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAVIER RICO-TORRES,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF NURSING HDSP, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01788-MMD-DJA<br><br>ORDER |

Plaintiff Javier Rico-Torres ("Plaintiff") brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison ("HDSP"). (ECF No. 11 at 1.) In response to Plaintiff's Motion for the Court to Issue a Rule 45 Subpoena Duces Tecum ("Motion") (ECF No. 13), the Court ordered the Office of the Attorney General of the State of Nevada to respond to the Motion on or before July 5, 2023 (ECF No. 18). Additionally, the Court stated that Plaintiff, within 30 days of receiving the answer to his subpoena, must either file a third amended complaint with the names of those Plaintiff attempted to identify as defendants or move to substitute the true names of the Doe defendants currently listed in the second amended complaint. (*Id.* at 1.) The Court warned Plaintiff that the action could be dismissed if he failed to follow those instructions. (*Id.*) The Office of the Attorney General of the State of Nevada filed a notice with the Court on July 3, 2023, answering Plaintiff's subpoena. (ECF No. 20.) The deadline to file a third amended complaint or motion to substitute has expired, and Plaintiff did not file a third amended complaint, make a motion to substitute, move for an extension, or otherwise respond. As further explained below, the Court will thus dismiss this case without prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff files a third amended complaint or makes a motion to substitute, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's June 5, 2023, order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a third amended complaint or make a motion to substitute in compliance with this Court's June 5, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 8) is granted. Plaintiff is not required to pay an initial installment of the filing fee.

It is further ordered that, under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of Javier Rico-Torres, #1237813 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court will send a copy of this order to the Finance Division of the Clerk's Office.

The Clerk will also send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

It is further ordered that, even though this action is dismissed, or was otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

DATED THIS 23rd Day of August 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE